IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHANEQUA McCRAE,

    Plaintiff,

    v.

EMORY UNIVERSITY,

    Defendant.

CIVIL ACTION FILE
NO. 1:22-CV-3401-TWT-JSA

### ORDER

This is an employment discrimination case. It is before the Court on the Report and Recommendation [Doc. 84] of the Magistrate Judge recommending granting in part and denying in part the Defendant's Motion for Summary Judgment [Doc. 72]. Plaintiff Shanequa McCrae, who worked as a nurse in Emory's Student Health clinic, claims that Emory discriminated against her based on race and pregnancy with respect to her work assignments during the Covid-19 pandemic. She alleges three discriminatory assignments: (1) working at the temperature monitoring station, (2) denial of redeployment to another department, and (3) recall to in-person work in October 2020. Emory moved for summary judgment on all claims. The Magistrate Judge recommended granting summary judgment on McCrae's first two theories but denying it on the third. Emory asks the Court to adopt the R&R's recommendation as to McCrae's temperature monitoring and redeployment claims (and any other conduct prior to October 2020). Emory requests that the Court decline the

R&R's recommendation on the decision to recall McCrae to in-person work because the R&R failed to apply controlling Eleventh Circuit precedent regarding the comparator analysis and pretext. The Plaintiff asks the Court to adopt the Report and Recommendation in its entirety.

In concluding that the Plaintiff had set forth a prima facie case of race and pregnancy discrimination, the Magistrate Judge identified Sharon Denny as a comparator. The plaintiff bears the initial burden of establishing a prima facie case of pregnancy discrimination under Title VII (as amended by the Pregnancy Discrimination Act) by showing "(1) she is a member of the protected class; (2) she requested accommodation; (3) the employer refused her request; and (4) the employer nonetheless accommodated others 'similar in their ability or inability to work.'" *Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020). Similarly, to establish a race discrimination claim under Title VII/Section 1981, the plaintiff must show "(1) that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question, and (4) that her employer treated 'similarly situated' employees outside her class more favorably." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220-21 (11th Cir. 2019).

McCrae and Denny were similar in that each was an LPN employed in the clinic and each had a medical condition. Both began working remotely in March 2020—McCrae because her child's daycare closed, and Denny because

she had asthma. McCrae returned to in-person work at the clinic in June 2020. In July 2020, McCrae notified Emory that she was pregnant. She continued to work in the clinic after she got pregnant. Emory accommodated her request not to work in the Covid-19 clinic. In August 2020, McCrae asked to work from home because she had moved her child to a virtual school, although not because of her pregnancy. In October 2020, Emory told McCrae that she would have to return to in-person work at the clinic. McCrae presented Emory with a doctor's note that stated that remote work was preferred for her but was not a medical necessity. When she refused to return to work, Emory gave her seven months of paid and unpaid leave. McCrae returned to the clinic in May 2021. Denny never returned to in-person work at the clinic during the pandemic because the cleaning chemicals used to disinfect the facility triggered daily asthma attacks.

The critical difference between Denny and McCrae is that in October 2020, McCrae could work in person at the clinic and Denny could not. Thus, on an objective basis they were not similarly situated. The Magistrate Judge erred in finding that Denny was a sufficient comparator to support a prima facie case of race and pregnancy discrimination. Far from showing pretext, the record shows that Emory bent over backwards to try to accommodate the Plaintiff's requests to work from home. The Court declines to adopt the Report and Recommendation to the extent that it recommends denying the Defendant's Motion for Summary Judgment based upon the recall of McCrae to in-person work in October 2020. Otherwise, the Court approves and adopts the Report

and Recommendation as the judgment of the Court. The Defendant's Motion for Summary Judgment [Doc. 72] is GRANTED.

SO ORDERED, this ___11th___ day of March, 2025.

                                                               _____
                                                               THOMAS W. THRASH, JR.
                                                               United States District Judge